Judge Underwood
delivered the opinion of the Court.
The court perpetuated the injunction, in this cause, for $80 50,, and for the residue of the judgment enjoined, dissolved the injunction “with damages?* but without saying at what rate, or upon what sum they should be calculated. This is erroneous, and the only error we perceive. It is necessary to state the rate of interest in a judgment, and it is equally so, to state the rate of damages, where the sum, on which they are to be calculated, is named. Courts oughtto fix and liquidate the damages, and state the amount awards ed upon the face of the record; or the sqm on which they are to be calculated, must be so stated, and the rate of the calculation given. We cannot tolerate the practice of referring to other Records and papers, for the amounts on which damages are awarded, and leaving it to the clerk, to make the calculation, according to the rate prescribed, and tp issue execution. If a motion should be made to quash such an execution, because it issued for an erroneous sum, instead of testing it by a direct comparison, with the face of the record, it would be necessary to examine into the correctness of the clerks arithmetical skill, and the soundness of his judgment in selecting the proper data upon which to make the calculation, preparatory to issuing the execution. Our judicial proceedings, ought not to be thus regulated. Every judgment and decree ought to contain certainty upon its face. Without it, the loss of a paper referred to, and the occurring casualties, in the progress of time, might, in a few years, *557 leave on our records, many judgments and decrees which could not operate, because the paper refer-ed to, was lost or mislaid.
Turner, for plaintiff.
Decree reversed, and cause remanded for a decree to be rendered, not inconsistent with this opinion. The plaintiff in error must repover his costs.